Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ALAYNA SAUNDERS & MADISON PITT, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| McDONALD'S OF KEYSTONE and DOES I-X, | |
| Defendants. | |
| _____/ | |

COME NOW plaintiffs, through counsel, and hereby complains of defendants as follows:

Jurisdiction, Venue & Jury Demand

1. Plaintiff are women, who are residents of northern Nevada.  Plaintiff Madison Pitt commenced working for defendant McDonald's on or about June 1, 2018 and worked for defendant until December 11, 2018, in the capacity of a cashier.  When plaintiff Pitt worked for defendant she was a minor.  Plaintiff Alayna Saunders worked for defendant McDonald's from November 8, 2018, until December 11, 2018, in the capacity of a cashier.  When plaintiff Saunders worked for defendant she was a minor.  All, or almost all, acts, statements and omissions herein alleged occurred in northern Nevada, i.e., in Reno, Nevada where at plaintiffs

were employed by defendant.   Plaintiffs have obtained Notices of Right to Sue from the Equal Employment Opportunity Commission.  Both Notices are dated November 4, 2019.   These Notices are attached hereto and incorporated in this Complaint and Jury Demand. This Complaint and Jury Demand is timely filed in accord therewith.   Plaintiffs hereby request a jury trial relative to all issues so triable.

2.  Defendant McDonald's of Keystone (referred to herein as "McDonald's) is a corporation, limited partnership, limited liability company, partnership, or some other legal entity which previously employed plaintiffs in northern Nevada, i.e., at its restaurant located at 5148 Mae Anne Avenue in Reno, Nevada.  At all times herein mentioned defendant had at least fifteen employees working at least twenty weeks per year.

3.  Doe defendants are corporations, limited liability companies, partnerships, individuals or some other legal entities which are in some way responsible for plaintiffs' injuries or damages. When plaintiffs ascertains the identities of these entities, they will seek leave of Court so as to add them to this Complaint and Jury Demand.

4.  This Court has subject matter jurisdiction over this case per 28 U.S.C. 1343.  The Court has subject matter jurisdiction because plaintiffs are women who are alleging they were subject to a hostile work environment "because of sex", in violation of 42 U.S.C. 2000e, et seq. Plaintiff were subject to retaliation, i.e., they were constructively and wrongfully discharged.

5.  This Court has venue re this action pursuant to 42 U.S.C. 2000e-5(f)(3) because all, or almost all of the actions, statements and omissions which form the basis for this lawsuit occurred in northern Nevada, i.e., in the geographical area of this judicial District.

<u>First Cause of Action</u>
(Sexual Harassment)

6.  Plaintiffs hereby incorporate the allegations of paragraphs 1 through 5, inclusive, as well as all other paragraphs herein, as though the same had been fully stated.

7.  Commencing in mid-November 2018 plaintiffs began to experience a sexually

hostile work environment.  Sexual hostility was originally interjected into plaintiffs' work environment by one Ben _____, who was hired by defendant in mid-November, 2018. Ben is considerable older than either plaintiff, i.e., he is approximately in his mid-thirties. Ben, almost immediately began to sexually harass both plaintiffs, and other female employees. His harassment included, but was not necessarily limited to, the following statements and actions: Requests for the telephone numbers of each of the plaintiffs; asking each of the plaintiffs if they would be interested in spending time with him outside of work; requests to each of the plaintiffs to obtain telephone numbers of minor customers, both male and female; touching of coworkers in a sexual manner in the presence of both plaintiffs; touching each plaintiff inappropriately in a sexual manner; smacking Miss Pitt's posterior with a towel; etc.  Shortly after he was hired by defendant Ben was promoted to a managerial position. Accordingly, he sexually harassed each plaintiff both while he was a co-employee and while he was a manager.

8.  Both plaintiffs complained in early December to another of defendant's supervisory/managerial employees, i.e., one Yoseline.  Defendant failed to implement a timely, thorough investigation and failed to implement adequate remedial action, sufficient to redress past sexual harassment and deter future sexual harassment.  Plaintiffs were constructively and wrongfully discharged on or about December 11, 2018.

9.  As a direct and proximate result of being subject to a sexually harassing course of conduct plaintiffs suffered emotional distress, loss of enjoyment of life, fear, loss of sleep and anxiety.  It has been necessary for plaintiffs to incur costs and retain an attorney to attempt to vindicate their federally protected right to a workplace free of sexual harassment.

Second Cause of Action

(Retaliation)

10.  Plaintiffs hereby incorporate the allegations of paragraphs 1 through 9 as though the same were full stated herein.

11. Any reasonable girl, similarly situated to plaintiffs, would have found the work environment to be intolerable, especially after plaintiffs complained and defendant essentially ignored their complaints of sexual harassment.  Plaintiffs did so experience their work environment to be intolerable and were constructively and wrongfully discharged on or about December 11, 2018.  These constructive discharges are a form of retaliation.

12. As a direct and proximate result of being subject to retaliation, plaintiffs have been injured and damaged as described herein.  Further, each plaintiff has suffered economic damage.  It has been necessary for plaintiffs to incur costs and hire counsel in order to attempt to vindicate their federally protected right to be free of retaliation.

WHEREFORE, plaintiff requests the following relief:

1. For awards of compensatory damages;

2. For awards of punitive damages sufficient to punish and deter defendant from engaging in similar conduct;

3. For awards of special or actual economic damages, according to proof;

4. For an award of costs and a reasonable attorney's fee; and

5. For injunctive relief to compel defendant to adopt and actually enforce a reasonable policy against sexual harassment and/or retaliation, and for whatever other relief the Court or jury may deem just.

DATED this 30th day of January, 2020.

        /s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorney for Plaintiffs*

**INDEX OF EXHIBITS**

Issued Notice of Right to Sue - Madison Pitt.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1

Issued Notice of Right to Sue - Alayna Saunders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 2